WILLARD McMILLAN *v.* SOUTHERN RAILWAY CO.

RAILROAD.   *Live stock on track.   Conflict of evidence.   Peremptory instruction.*

> In a suit against a railroad company for killing a horse on its track, in case of conflict of evidence as to whether the horse was killed by the train, a peremptory instruction should not be given for defendant, unless, from the evidence showing or tending to show that the animal was so killed, it appear clearly and uncontradictedly that the servants of the company did everything in their power, after seeing the horse's danger, to prevent the injury.

FROM the circuit court of Clay county.

HON. W. F. STEVENS, Judge.

The facts are stated in the opinion of the court.

*J. J. McClelland,* for appellant.

If the plaintiff's witnesses are to be believed, it cannot be questioned but that the servants of the railroad company, after seeing the peril of the horses, failed to do everything or anything in their power to prevent injury to them. These witnesses certainly swore that the animal whose value is sued for was struck by a train of defendant. The answer made to this evidence was the train records of the company, showing, as was claimed, that no train of the company passed the place of the accident that day until several hours after the time of the injury as fixed by plaintiff's evidence. The court below seemed to accept these records as verities beyond dispute. The peremptory instruction was error. Such an instruction should not be given, unless all the evidence be taken as true, and every just inference from it and from every part of it, in case of conflict, fails to maintain the issue presented. *Whitney* v. *Cook,* 53 Miss., 551; *Swan* v. *Insurance Co.,* 52 Miss., 704.

*S. M. Roane,* for appellee.

The horses ran for some distance right alongside of the engine, and slowed up. There is nothing in the evidence to show that the horses would naturally cross, or attempt to cross, the track. The mare was struck, if struck at all, as she attempted to cross the track right at the engine. The animal jumped on the track, say plaintiff's witnesses, right in front of the engine. The appellant's own evidence shows that the defendant was not guilty of negligence, and hence there is no error. 62 Miss., 170.

Woods, C. J., delivered the opinion of the court.

The evidence offered by the appellant tended to show negligence on the part of the railway company's engineer in handling his locomotive and train at the time the injury to the animal occurred. This evidence, summarily stated, is this: A number of horses, including the mare injured, were near the track of the railway, on a strip of ground between the track and a fence running parallel therewith for a considerable distance, but finally crossing the track at a cattle guard. All the horses ran down the track near the train, the engine all the time accelerating its speed, and all, except this mare, outran the engine and safely crossed the track in front of the locomotive, but she, in attempting to follow the other animals, jumped on the track and before she cleared it, was struck and injured, from which injury she died.

The evidence introduced by the railway company showed that on the day of the alleged injury only two trains were started out from Columbus in the direction of West Point, near which place the injury is alleged to have occurred, and that neither of these trains could have reached the scene of the occurrence until two hours or more after the time when the accident happened, as stated by the witnesses for the plaintiff. One of these trains was sent out of Columbus on the day in question, at 3:30 P.M., and could not have reached the scene

of the injury within an hour thereafter, and the other train was sent out of Columbus after night. The contention of the railway company was that it was impossible for either train to have committed the injury, since it was impossible either could have been where the injury took place at the time it is said to have occurred. It was shown by the engineer in charge of the locomotive sent out from Columbus at 3:30 p.m., that he had no accident on that day whereby any stock was injured at all.

There are two questions presented, viz.: Did the injury occur at all as detailed by the witnesses of the plaintiff, and was the engineer in charge of the locomotive negligent in handling his train under the circumstances disclosed in the plaintff's evidence? That there is evidence showing that the injury did occur is manifest, and that there is conflict as to this fact between the evidence of the plaintiff and that of the defendant, is also manifest. This controverted question of fact should have carried the case to the jury, unless, upon examination, it can be affirmed that the evidence shows the company's servants in charge of the train which is said by the plaintiff's witnesses to have inflicted the injury, were free from negligence. It is true the witnesses for plaintiff say the mare jumped on the track in front of the engine, and it may be assumed that the engineer could not then have done anything to avoid the accident. But, granting this, it may still be true that if the engineer, paying regard to the known habits and instinct of animals to try to escape from the *cul de sac* in which these were found by him, had slackened instead of increasing the speed of the train, he might, and perhaps would, have avoided the injury. It was not for the court to settle this question.

We are of opinion that the peremptory charge should not have been given.

*Reversed.*